IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRETT E. DIRR, )
        Petitioner )
        v. )   No. 3:06-mc-2
THE UNITED STATES, *et al.*, )
        Respondents )

**MEMORANDUM OPINION**

On January 23, 2006, Brett E. Dirr filed a petition to quash a summons issued by the Internal Revenue Service (IRS) to his employer, Navus Automation, Inc. (Navus). This matter is presently before the court on motion filed by respondent, the United States of America, to dismiss Mr. Dirr's petition [*see* Doc. 6]. Mr. Dirr has failed to timely respond to the government's motion, *see* LR 7.1(a), E.D.TN.; thus, his failure to do so is deemed a waiver of any opposition to the relief sought by the government. *See* LR 7.2, E.D.TN. For the reasons that follow, the government's motion will be granted.

According to the government's memorandum filed in support of its motion [*see* Doc. 7], Mr. Dirr is the subject of an on-going criminal investigation by

the IRS relating to his failure to file tax returns. As part of its criminal investigation, a special agent of the IRS issued a summons to Navus. As indicated on the summons, Mr. Dirr was not given notice that the summons was issued to Navus [*see id.*, Ex. 1]. Consequently, Mr. Dirr filed the pending petition to quash the summons.

Under 26 U.S.C. § 7609(b)(2)(A), only a person entitled to notice can lawfully petition a court to quash an administrative summons. If a summons is issued by the IRS in connection with a criminal investigation and if the summons is not issued to a third-party recordkeeper, then the person to whom the records relate is not entitled to notice. 26 U.S.C. § 7609(c)(2)(E). Here, the record reflects that both statutory requirements have been met.

First, the face of the summons indicates that it was issued by Special Agent Brian Grove, who is an employee of the IRS in the Criminal Investigation Division. Thus, the initial requirement of 26 U.S.C. § 7609(c)(2)(E) has been met as the summons was issued in connection with a criminal investigation of Mr. Dirr.

Second, the summons was issued to Navus. As previously noted, Navus is Mr. Dirr's current or former employer. It is not a "third-party recordkeeper" as defined by statute. *See* 26 U.S.C. § 7603(b)(2). The second requirement of 26 U.S.C. § 7609(c)(2)(E) has thus been met.

Consequently, because the summons was issued in connection with a criminal investigation and because the summons was not issued to a third-party recordkeeper, Mr. Dirr is not a person who was entitled to notice under 26 U.S.C. § 7609(a)(1). Hence, Mr. Dirr lacks standing to quash this summons under 26 U.S.C. § 7609(b)(2)(A). This court therefore lacks jurisdiction to quash the IRS summons issued to Navus. *See United States v. Ritchie*, 15 F.3d 592, 597 (6th Cir.), *cert. denied*, 513 U.S. 868 (1994).

Order accordingly.

                                                **s/ James H. Jarvis**
                                       UNITED STATES DISTRICT JUDGE